IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. SARGENT and JACQUELINE SARGENT, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 06-cv-1042-MJR ) |
| COTTRELL, INC., DAIMLER-CHRYSLER CORP. f/k/a CHRYSLER CORP. and ALBERT CASSENS, | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CASSENS TRANSPORT COMPANY, | ) ) |
| Respondent in Discovery. | ) |

**MEMORANDUM and ORDER**

**REAGAN, District Judge:**

**I. Introduction**

Removed here on the basis of diversity jurisdiction, this case involves injuries sustained by Michael Sargent while attempting to climb onto a rig manufactured by Defendant Cottrell, Inc. The suit alleges that Sargent was attempting to unload Chrysler vehicles at a Chrysler dealership and was operating a "truck, trailer with headrack" manufactured by Cottrell. While in the course of Sargent's duties, he slipped and sustained "severe and permanent injuries" to his low back and related areas. *See* amended complaint at Doc. 52.

Now before the Court is Cassens Transport Company's motion to dismiss (Doc. 63). The motion is fully briefed and ready for disposition. For the reasons stated below, the Court grants

1

the motion.

## II. Analysis

Cassens Transports' motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). When reviewing a complaint in the context of a Rule 12(b)(6) dismissal motion, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences. ***Hollander v. Brown*, 457 F.3d 688, 690 (7th Cir. 2006);** ***County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006)**. A complaint should be dismissed only if there is "no set of facts, even hypothesized, that could entitle a plaintiff to relief." ***Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642 (7th Cir. 2006)**.

In the case at bar, Cassens Transport seeks dismissal on two grounds: (1) Cassens Transport is not and cannot be named as a Defendant because Sargent was an employee of Cassens Transport at the time of the incident which is the subject of the Sargents' suit, and Sargent is, therefore, foreclosed from instituting a direct cause of action against Cassens Transport based on the exclusivity of the Illinois Workers' Compensation Act; and (2) the Sargents cannot maintain an action against Cassens Transport in a capacity as a "respondent in discovery," because that proceeding is a creature of state court rules and is unknown to the federal rules.

The Sargents respond that (1) under Seventh Circuit case law, an entity named as a respondent in discovery in an action filed in state court is not entitled to dismissal if that action is removed to federal court simply based upon its status as a respondent in discovery; and (2) they could state a claim against Cassens Transport if they allege and demonstrate that Sargent was not covered by the provisions of the Illinois Workers' Compensation Act when he was injured.

### A. The Illinois Workers' Compensation Act

The Illinois Workers' Compensation Act ("IWCA") contains an exclusivity provision which bars an employee from bringing a common law suit against an employer for an accidental injury arising out of and in the course of employment which is compensable under the Act. ***Small v. Chicago Health Clubs, Inc*., 843 F.Supp. 398, 402 (N.D.Ill. 1994) (citing *Jaskowski v. Rodman & Renshaw, Inc*., 813 F.Supp. 1359, 1362 (N.D.Ill.1993) (citing Illinois Workers' Compensation Act, 820 ILCS 305/1)**. The Sargents do not dispute that Cassens Transport is Michael Sargent's employer. Additionally, in their Amended Complaint, they assert that Michael Sargent was injured in the course of his employment. Am. Compl., p. 2. Consequently, it appears that the Sargents are foreclosed from instituting a direct cause of action against Cassens Transport based on the exclusivity of the IWCA. For the Court to sustain the Sargents' claim that they could allege that Sargent was not covered by the provisions of the IWCA would place the Court in the untenable position of assuming that a factual basis exists for a conclusory allegation that is inconsistent with factual allegations in the complaint. No precedent of which this Court is aware suggests that this would be proper.

The Sargents' reliance on ***Jass v. Prudential Health Care Plan, Inc*., 88 F.3d 1482 (7th Cir. 1996)**, is unfounded. In *Jass*, the plaintiff named her treating physician as a respondent in discovery in state court and, after the case was removed to federal court, amended her complaint to name her treating physician as a defendant. There is no analysis or discussion of the issue before this Court and, in reality, any relevance to the instant matter is simply to state the obvious: if the Sargents moved for leave to amend their complaint to name Cassens Transport as a defendant, the Court would consider that motion under the same liberal standard it would apply to any motion for leave to amend. *See* **FED. R. CIV. P. 15(a) (Leave to file an amended complaint "shall be freely**

3

**given when justice so requires."**).  That Cassens Transport was previously named as a respondent in discovery would not affect that determination.

Because the Court's dismissal is without prejudice, the Sargents may move for leave to amend to add Cassens Transport as a defendant should discovery provide evidence that Sargent was not covered by the provisions of the IWCA when he was injured

### B.    Respondent in Discovery

"'Respondents in discovery' are creatures of a special provision of Illinois law that permits a plaintiff to seek no relief other than the possible provision of information relevant to plaintiff's underlying substantive claims." ***Wisniewski v. City of Chicago,* 1998 WL 895746, \*1 n.1 (N.D.Ill. 1998)**.  More specifically, 735 ILCS 5/2-402 ("§ 2-402"), provides in relevant part:

> The plaintiff in any civil action may designate as respondents in discovery . . . those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> Persons or entities so named as respondents in discovery . . . may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
>       \*            \*            \*            \*
>
> A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. . . . **735 ILCS 5/2-402**.

"[A] federal court sitting in diversity must apply the substantive law of the state in which it sits and federal procedural law. ***Montclair-Bohl v. Janssen Pharmaceutical, Inc.*, 2006 WL 2700013, \*1 (N.D.Ill. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)**.  "If, however, a state law conflicts with one of the federal procedural rules such that 'enforcing [it] would

4

knock out the federal rule,' then the federal rule controls." *Id.* **(citing** *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.***, 60 F.3d 305, 310 (7th Cir. 1995)**.  Enforcing § 2-402 in federal court would "knock out" Rules 19 and 20 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(e).

Rule 19 provides for compulsory joinder, where a party is considered indispensable to a fair resolution of the action.[1]  Rule 20 provides for permissive joinder of parties, where parties can, but need not be joined to the suit.[2]  Section 1447(e) provides for joinder in the specific context of removal cases, providing, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  **28 U.S.C. § 1447(e)**.

Section 2-402 "sets forth a species of compulsory joinder, mandating that respondents in discovery be joined as defendants, upon timely motion, if there is probable cause to believe they are liable."  *Montclair-Bohl,* **2006 WL 2700013 at *1**.  Thus, joinder under § 2-402 conflicts with

---

[1]Rule 19(a) provides, in relevant part: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party."  **FED. R. CIV. P. 19(a)**.

[2]Rule 20(a) provides, in relevant part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  **FED. R. CIV. P. 20(a)**.

Rule 19, which provides that the Court must consider a variety of factors to determine whether a defendant must be joined, and with § 1447(e), which provides that courts have discretion to deny or permit joinder. *Id*.

Additionally, under Rule 20, the Court must make specific factual findings as to whether claims arise out of the same transaction or occurrence, or series of transactions or occurrences, and whether all parties joined share in common at least one question of law or fact. This conflicts with § 2-402, which provides for joinder upon a determination that probable cause for joinder exists.

Thus, because a conflict exists between state law and federal procedure, under the Supremacy Clause, the latter controls. *Healy*, **60 F.3d at 310**. The Court concludes that § 2-402 does not apply in this case and that the Sargents cannot maintain an action against Cassens Transport as a respondent in discovery. Accordingly, Cassens Transport must be dismissed from this action because no legal basis exists for maintaining the joinder of Cassens Transport as a party in this case.

### III. Conclusion

For the above-stated reasons, the Court **GRANTS** Defendant Cassens Transport Company's motion to dismiss (Doc. 63) and **DISMISSES without prejudice** Cassens Transport Company from this action.

**IT IS SO ORDERED.**

**DATED this 16th day of November, 2007**

                                         **s/Michael J. Reagan**
                                         **MICHAEL J. REAGAN**
                                         **United States District Judge**